UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DUANE M. WOOD,

Plaintiff,

v. Case No. 2:26-cv-2440-KC-DKRH

THE STATE DEPARTMENT

Defendant.
_______________________________/

**ORDER**

Plaintiff Duane M. Wood initiated this action by filing a *pro se* civil rights complaint. (Doc. 1.)[1] Wood is a pre-trial detainee at the Lee County Jail. After review of the pleadings, the Court dismisses this case under 28 U.S.C. § 1915(g) because Wood did not pay his full filing fee when he filed his complaint.

Under § 1915(g), a prisoner cannot proceed *in forma pauperis* if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal court] . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct.

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." (citation omitted).) And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax*, 140 S. Ct. at 1727.

The Court takes judicial notice of nine prior lawsuits brought by Wood in the Middle District of Florida that were dismissed as frivolous or malicious or for failing to state claim upon which relief may be granted: No. 2:25-cv-294-SPC-KCD (failure to state a claim); No. 2:25-cv-298-JLB-NPM (frivolous and failure to state a claim); No. 2:25-cv-325-JLB-KCD (failure to state a claim); No. 2:25-cv-326-JLB-NPM (frivolous and failure to state a claim); No. 2:25-cv-327-SPC-KCD (failure to state a claim); No. 2:25-cv-350-JLB-NPM (failure to state a claim); No. 2:25-cv-359-SPC-KCD (frivolous and malicious); No. 2:25-cv-393-SPC-KCD (failure to state a claim); and No. 2:25-cv-407-SPC-KCD (frivolous and malicious). As Wood has three or more qualifying dismissals, he is barred from proceeding *in forma pauperis* in this case unless he faces imminent danger of serious physical injury.

Wood's complaint is not a model of clarity. He appears to allege that when his probation was transferred from Turner County, Georgia to Lee County, Florida in 2002, someone in Lee County erroneously entered into the computer database that Wood had been convicted of battery on a law

enforcement officer. (Doc.1 at 3.) He argues that this has caused him to be treated unfairly, and that his files need only to be reviewed to fix the error. (*Id.* at 4.) At the bottom of each page, Wood writes (without explanation), "I am in fear of my life." (*Id.* at 3, 4, 5.) Presumably, Wood seeks to invoke § 1915(g)'s imminent danger exception.

In determining whether a plaintiff has demonstrated imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.*, No. 3:06cv275/LAC/EMT, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006). Moreover, imminent danger allegations unrelated to the claims raised in the complaint do not satisfy the imminent danger exception. *See Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) ("[T]he statute requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint."). Wood's unexplained allegations that he fears for his life—untethered to any possible construction of the 24-year-old negligence alleged in the complaint—does not invoke § 1915(g)'s imminent danger exception. Thus, he was required to pay the full filing fee when he

initiated this action, but he did not do so. This warrants dismissal under § 1915(g). If Wood wishes to pursue his claims, he must file a new complaint—under a new case number—and pay the full $405.00 filing fee.

Accordingly, it is **ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2. The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, and close this file.

**ENTERED** in Fort Myers, Florida on September 2, 2026.

Kyle C. Dudek
United States District Judge